Brett *v.* Bucknam.

Motion denied.

[NEW YORK GENERAL TERM, November 7, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]

---

## BRETT and others *vs.* BUCKNAM and others.

Under the provisions of the code, a party to an action may not only be examined, at the option of the adverse party, in the same manner as any other witness, but he may also be required and compelled to produce, on such examination, books, papers, &c. which are under his control.

The proper mode of proceeding, under an order for the examination of a party, where a production of books &c. is sought, is to continue the examination of the witness until it shall be ascertained whether or not he has under his control any, and if any, what books or papers, admissible as evidence in the action or necessary for the purposes of the examination; and then for the judge to direct what books or papers (if any) shall be produced, and when and where they shall be produced.

A party calling his adversary as a witness has no right to examine any books or papers, or parts of books or papers, which are neither pertinent to the issues in the action, nor connected with, or relevant to, the matters in controversy.

APPEAL from an order made at a special term, for the examination of a plaintiff as a witness, before the trial.

*By the Court,* BONNEY, J. The revised statutes (2 *R. S.* 199, § 21 *&c.*) authorize this court to compel the discovery

of books, papers and documents in certain cases; and the rules of this court (14–17) apply specially to a discovery under such statutes. The code (§ 388) makes provision for obtaining an admission, inspection or copy of books, papers or documents material to an action, or containing evidence relating to the merits thereof or the defense therein. Section 389 prohibits any action for discovery and any examination of a party on behalf of his adversary, except in the manner prescribed by chapter six. And sections 390 to 397 provide for examinations, which are the substitute for all other modes of discovery.

Under section 390, a party may be examined by his adversary, *in the same manner as any other witness*, either at the trial, or conditionally, or upon commission; and under section 391 the examination provided for in section 390, (that is, *the examination of a party in the same manner as any other witness may be examined*,) may be had at any time before trial, at the option of the party claiming it, on a previous notice of not less than five days. It cannot be doubted that *any other witness* may be required and compelled, on examination, at or before a trial, to produce his books &c. containing matter in writing pertinent to the issues and competent to be given in evidence in the action; or necessary to enable the witness by reference thereto to testify in the cause. And, in my opinion, it is clear, that, under these provisions of the code, a party to an action may not only be examined at the option of the adverse party, in the manner provided, but may also be required and compelled to produce, on such examination, books, papers, &c. which are under his control; and such I understand to be the effect of the decisions on this point.

Perhaps the orders made in this case were more comprehensive, in terms, than they should have been; but whether so or not, the proper mode of proceeding under them, and in other like cases, in my opinion, will be to proceed with the examination of the party called as a witness, until it shall be

ascertained whether or not he has under his control, any, and if any what, books or papers admissible as evidence in the action, or necessary for the purposes of the examination; and then for the judge before whom the examination is had, to direct what books or papers (if any) shall be produced, and when and where they shall be produced. The party calling his adversary as a witness, will have no right to examine any books or papers, or parts of books or papers, which are neither pertinent to the issues in the action, nor connected with, nor relevant to, the matters in controversy.

The order appealed from should be affirmed, without costs to either party; and the examination of the plaintiff should proceed in the manner above indicated.

· [NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Ingraham* and *Bonney,* Justices.]