DAVID SHELP, APPELLANT, *v.* HATTIE R. MORRISON, RESPONDENT.

*Refusal, of party to action, to produce paper — contempt — striking out complaint.*

Upon the trial of this action, brought to foreclose a bond and mortgage, in which the defense was payment, the plaintiff having been subpœnaed to produce the bond was called as a witness and asked if he had it, to which he said he did not have it; that he did not have it in his possession when subpœnaed. The court then stated that the question was, whether he had control of it. After about an hour had been occupied by counsel in his efforts to find out where the bond was, the counsel for the plaintiff stated that he had it in his pocket, and being asked by the court if he would produce it said that he declined to do so at present, whereupon the justice ordered the complaint to be stricken out. *Held,* that this was proper.

APPEAL from a judgment in favor of the defendant, entered upon an order made at the Circuit striking out the plaintiff's complaint.

*J. E. Dewey,* for the appellant.

*M. L. Stover,* for the respondent.

OSBORN, J.:

This appeal is from a judgment entered against plaintiff and in favor of defendant for fifty-nine dollars and fifty-seven cents, the complaint having been stricken out by the court. The action was for the foreclosure of a mortgage executed by the defendant in 1870, to one Edwin Groat, for the sum of $585 and interest, upon certain lands and premises in Montgomery county. Accompanying the mortgage is a bond in the usual form. This bond and mortgage was duly assigned by Groat to one John F. Morris, and afterwards by Morris to one Myndert Wemple, and by Wemple, in January, 1877, to plaintiff, who, in about a week thereafter, commenced this action, and in the complaint claims that there is due and unpaid thereon fifty-eight dollars and sixty-eight cents, with interest from June, 1876. The answer simply alleges payment in full, and upon this issue the cause came on to be tried in October last at the Montgomery County Circuit. On the trial, Justice POTTER holding such Circuit dismissed the complaint, and the only question presented for review on this appeal is, whether he was authorized in so doing.

The defendant had subpœnaed the plaintiff to produce the bond in suit, and after the plaintiff had rested, and the defendant was endeavoring to establish the defense of payment, the plaintiff was called as a witness and testified that he had been subpœnaed to produce the bond, but that he did not have it; that he supposed he was the owner of the bond and mortgage; he further stated that he did not have the bond in his possession when he was subpœnaed, and did not know as he had ever had it in his possession exactly. At this point the court stated "that the question was, whether witness had it or ought to have it, or has got control of it." The counsel for the defendant then stated to the court that it was proved that the witness was the owner of the bond and mortgage, and asked if the court denied a motion to strike out the complaint, and the reply was "yes, on the present state of facts." He further said to the counsel, "find out where the bond is." Just at this point, Mr. Dewey, counsel for the plaintiff, remarked that he had the bond in his pocket, and upon being asked by the court if he produced it, he replied that he declined to do so at present, and was proceeding to make some further state-

ment when the learned justice ordered the complaint stricken out, to which an exception was taken. The question now is, was this court legally empowered or authorized to do this?

It would seem from the record as though this whole discussion in reference to the production of this bond occupied but a moment, and yet it is apparent from a remark made by the judge that an hour or thereabouts was consumed in the effort to find out from the plaintiff where the bond was, and if possible to procure its production. All this time it was in the custody of the plaintiff's counsel, there in court, and that fact was undoubtedly known to the plaintiff. It was the plaintiff's instrument; he owned it; he had been subpœnaed to produce it. It had, without question, been the subject of conversation between plaintiff and his counsel. In one sense it was in plaintiff's possession and under his control, while he was evasively answering the questions put to him with a view to its discovery. Such conduct is clearly contumacious, and such a practice is not to be tolerated. It was an unnecessary waste of time, an evident trifling with the court and not at all in keeping with the due and orderly administration of justice.

When the discovery was made, I think the counsel should at once, upon the request or suggestion of the court, have produced it. This he declined to do at that time, and for this refusal, taken in connection with all that had transpired previously, I think the court was justified in striking out the complaint. (Code, § 858; *Brett* v. *Bucknam*, 32 Barb., 655; *Bonesteel* v. *Lynde*, 8 How., 226; *Gaughe* v. *Laroche*, 14 id., 451; *Valiente* v. *Dyckman*, 24 id., 222; *Boynton* v. *Boynton*, 25 id., 490.)

It can easily be seen how this paper might be of the greatest importance to the defendant; *non constat*, its production would establish the alleged payments by the indorsements appearing thereon. I see no force in the offer which was made to show that the bond and mortgage had passed into the hands of a receiver. The bond was in court and this proof, if made, would furnish no excuse for its non-production, nor is there any force in the point raised by the appellant that the contents of the subpœna do not appear, or the time when service of the same was made. No such objection or suggestion was made at the trial, and it cannot now be urged here. Indeed, as this was a material paper and in the pos-

session of the plaintiff or his counsel on the trial, the court, on request of the defendant, could order its production, and if refused could properly strike out the complaint as was done in this case, although no subpœna or notice had been served. (See cases above cited.)

It was quite evident that for some reason or other the plaintiff and his counsel did not propose to present this bond, for, after the court had ordered the complaint stricken out, no offer was made to produce the same. If this had been done the court might have, and quite likely would have, reconsidered its action. The offer was to prove something by way of excuse for not producing it, and which, if proved, as we have seen, would not have amounted to any legal excuse.

For the reasons stated, the judgment appealed from must be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.